# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) ) ) | SIPA Liquidation |
| Plaintiff, | ) ) | Adv. Pro. No. 03-3370 |
| v. | ) ) ) | Bankruptcy Judge Mary Ann Whipple |
| CONTINENTAL CAPITAL INVESTMENT SERVICES, INC. AND CONTINENTAL CAPITAL SECURITIES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| In Re: | ) ) | |
| CONTINENTAL CAPITAL INVESTMENT SERVICES, INC. AND CONTINENTAL CAPITAL SECURITIES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| THOMAS S. ZAREMBA, ESQ., In his capacity as Trustee for the Liquidation of Continental Capital Investment Services, Inc. and Continental Capital Securities, Inc., | ) ) ) ) ) ) | Adv. Pro. No. 06-03505-maw |
| Plaintiff, | ) ) | **SHUMAKER, LOOP & KENDRICK,** |
| v. | ) ) ) | **LLP'S MOTION TO COMPEL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |
| SHUMAKER, LOOP & KENDRICK, LLP, c/o David F. Waterman, Statutory Agent Shumaker, Loop & Kendrick LLP North Courthouse Square 1000 Jackson Street Toledo, Ohio 43624-1573, | ) ) ) ) ) ) ) | |
| and | ) ) | |

| | |
|---|---|
| "JOHN DOE" DEFENDANTS (1-10) | ) |
| NAMES UNKNOWN | ) |
| c/o David F. Waterman, Statutory Agent | ) |
| Shumaker, Loop & Kendrick LLP | ) |
| North Courthouse Square | ) |
| 1000 Jackson Street | ) |
| Toledo, Ohio 43624-1573, | ) |
| | ) |
| Defendants. | ) |

The Trustee has represented that he will produce business records in lieu of answering Shumaker's interrogatories, citing Federal Rule of Civil Procedure 33(d). That response is inadequate and the Court should compel complete answers. First, a Rule 33(d) response is permissible only when the "burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). These interrogatories ask for clarification regarding the Trustee's own claims in this lawsuit; and they relate to the financial affairs of the Debtors and other Continental Capital entities which the Trustee has investigated for some five years. Second, two of Shumaker's interrogatories call for the Trustee to explain the basis for his claims and thus cannot possibly be answered through business records. Third, in the alternative, the Trustee has not met Rule 33(d)'s requirements to specify which documents serve as answers to each interrogatory and to affirm that all of the information sought by the interrogatories is contained in the documents he identifies.

## BACKGROUND

The Trustee's six-claim complaint against Shumaker is based entirely on certain transactions – i.e., the "Transfers" – that he alleges are fraudulent transfers by the Debtors and Continental Capital Corp. ("CCC"). See Compl. ¶¶ 27-29, 31, 35-37, 39-40, 42, 44, 46, 48, Prayer for Relief (i)-(ii). The Complaint defines these "Transfers" to include every payment listed in accounting records produced by Shumaker, which show all payments for legal services

or expenses that Shumaker received from nine different clients over a four-year period. The Complaint contains no allegations that explain why the Trustee believes that any particular payment (or payments) to Shumaker might be an actionable fraudulent transfer. Indeed, many of the so-called "Transfers" are payments for legal services rendered to Active Leisure, Inc., which the Trustee has recently admitted was not part of the scheme to defraud Continental Capital customers. See Motion & Supporting Memorandum for Rule 2004(a) Examination (Document Production), at 5, Ex. A.

Accordingly, as soon as discovery opened in this case, Shumaker on July 7, 2008 served on the Trustee ten interrogatories seeking information regarding the alleged fraudulent transfers. See Defendant Shumaker, Loop & Kendrick, LLP's First Set of Interrogatories ("Interrogatories"), Ex. B. As to "each transaction" asserted to be a fraudulent transfer, Shumaker requested:

> (1) The date(s) of the transaction and of any part(s) or component(s) thereof;
> (2) The transferor(s) and transferee(s), including any intermediate transferor(s) and transferee(s);
> (3) The amount of money or the item(s) of property transferred and the instrument(s) by which the transfer was effectuated (i.e., check, wire, cash);
> (4) The reason(s) for the transfer;
> (5) The person(s) who authorized the transfer;
> (6) The person(s) at Shumaker who received the transfer and, if the transfer first went to an intermediate transferee, who at the intermediate transferee received the transfer;
> (7) Any goods, services, or other things of value received by any person or entity in exchange for or as a result of the transfer, and all persons or entities who received the goods services or things of value;
> . . . .
> and
> (10) All persons with knowledge or information regarding the transaction or regarding any of the facts stated in response to [the] Interrogatories . . . .

Id. (Interrogatory Nos. 1-7 & 10).

Shumaker also asked the Trustee to provide the factual and legal basis for his claims. See Interrogatory Nos. 8 and 9. Interrogatory No. 8 requests, as to each transaction, "[a]ll facts supporting your position that the transfer is recoverable from Shumaker as a fraudulent transfer." Id. And Interrogatory No. 9 seeks "[a]ll grounds upon which you believe the transfer to be fraudulent." Id.

The Trustee responded to the Interrogatories on August 7. See Ex. C. Although objecting to each interrogatory, he purported to "invoke[] his Option to Produce Business Records in lieu of a response, as provided in F.R.C.P. 33(d)." Id. at 9-10. The Trustee elaborated that he would "make available to the Defendant records to be reviewed that <u>may contain some or all of the information sought</u> in this Interrogatory, including the Indexes."[1] Id. at 10 (emphasis added).

During the meet-and-confer process, Shumaker addressed the deficiencies in the Trustee's responses. Counsel argued among other things that Rule 33(d) is not available to the Trustee because the burden of deriving the answers would fall more heavily on Shumaker, and that responding through business records was particularly inappropriate as to Interrogatories 8 and 9, the two contention interrogatories. See Aug. 18 Letter from C. Singer to B. Schrader, at 2-3, Ex. D. Shumaker also noted that to satisfy Rule 33(d), the business records had to contain all of the information requested and the Trustee had to be specific as to which records answered which Interrogatory. Id. Counsel for the Trustee responded on August 28 that Shumaker's concerns were "premature," and that he "intend[ed] to produce documents that are responsive to the interrogatories, as well as make available the Indexes and Continental Documents." Aug. 28, 2008 Letter from Schrader to Singer, at 2, Ex. E. Subsequent discussion and correspondence did

---

[1] The "Indexes" referred to the Trustee's master index of all the boxes of documents under his control as well as a list of boxes the Trustee had reviewed in producing documents to Shumaker.

not resolve this dispute.  See, e.g., Sept. 17 Letter from J. Williams to Schrader, at 1, Ex. F; Sept. 15 Letter from Schrader to Singer, Ex. G.

Shumaker received the last of the Trustee's initial document productions on November 20, and received the index listing documents in the Trustee's possession on November 24.  At no time has the Trustee specified which documents are responsive to which interrogatories, nor has he represented that the documents constitute a complete response to the interrogatories.

## ARGUMENT

Rule 33(d) of the Federal Rules of Civil Procedure provides as follows:

> **(d) Option to Produce Business Records.**  If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

**I.   Rule 33(d) Is Not Available Because the Burden of Deriving the Answers to These Interrogatories Is Not "Substantially the Same for Either Party."**

By its terms, Rule 33(d) applies only when "the burden of deriving or ascertaining the answer will be substantially the same for either party."  The time and expense for Shumaker to scour the Trustee's production to identify the answers to its interrogatories is overwhelmingly more burdensome for Shumaker than it would be for the Trustee.  The interrogatories ask for clarification of the basis for the Trustee's own claims in this lawsuit, which he presumably has investigated and understands.  They further seek information about the financial affairs of the Debtors and affiliated entities, which the Trustee has devoted five years to investigating.

When "interrogatories are completely focused on the allegations of [a] complaint[]," it is not particularly burdensome for the plaintiff to answer them. In re Savitt/Adler Litig., 176 F.R.D. 44, 50 (N.D.N.Y. 1997); see also Cleveland Constr., Inc. v. Gilbane Bldg. Co., No. CIV A. 05-471-KSF, 2006 WL 2167238, at *5-6 (E.D. Ky. July 30, 2006), Ex. H. Here, the interrogatories seek the essential facts and bases of the Trustee's claims, which he must have had in hand before filing his Complaint in 2006. In addition, the Trustee has had two years since he filed this lawsuit to develop his case. That preparation lessens the Trustee's burden and thus heightens the disparity between its burden and the burden on Shumaker. Cf. SEC v. Elfindepan, S.A., 206 F.R.D. 574, 577 (M.D.N.C. 2002) (noting that preparing for the hearing involves culling documents for answers to the interrogatories, thus lessening the burden on answering party); Petroleum Ins. Agency, Inc. v. Hartford Accident & Indem. Co., 111 F.R.D. 318, 322 (D. Mass. 1983) (same).

Moreover, "[a]n important – often key – factor in weighing the respective burdens on the parties is the interrogated party's familiarity with its own documents." T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 454 (W.D.N.C. 1991) (citing 4A Moore's Federal Practice ¶ 33.25). "Added to that familiarity is the familiarity of . . . counsel, who have already undertaken at least one review of the documents." In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 366 (N.D. Ill. 2005). Here, the Trustee has control of the files and books of the Debtors, and has also collected and organized records belonging to CCC and other related entities. He therefore knows far better than Shumaker how those documents are organized and where the requested information can be found.

The Trustee is also less burdened because he has been investigating the Debtors, CCC, and related businesses since 2003. During that time, he has had the ability to study the business

relationships between the Debtors, CCC, other CCC-related entities, and CCC officers, as well as how money was transferred between them and paid to outside service providers such as Shumaker. The Trustee has not only had unique access to the financial records of the companies, but also to former employees and other witnesses who could inform him about how money was transferred within and outside of the CCC companies and how the companies were managed, including who would direct payment to service providers like Shumaker.[2]

The information imbalance between the Trustee and Shumaker is profound. Shumaker was outside counsel on discrete legal matters for the Debtors and a few other Continental Capital-related entities and individuals. Shumaker was not the Debtors' accountants or auditors. Thus, Shumaker's understanding of the financial workings of the Debtors and CCC stands in stark contrast to the Trustee and his counsel, who have spent years becoming expert on all things related to the Debtors and CCC.

The Trustee's familiarity with the Debtors' finances is particularly important because Shumaker understands the Trustee's claims largely to involve intermediate transfers in which money was transferred from the Debtors to CCC and then from CCC to Shumaker, either directly or indirectly through other entities. See Compl. ¶ 23 ("Debtors' funds and/or property were used to pay legal and other expenses of Davis, CCC, CCC Affiliates, the Portfolio Companies, CCMB and CCAdvisors."); Am. Compl. ¶ 11, Cont'l Capital Corp. ("CCC was merely a conduit for a

---

[2] The Trustee's evident familiarity with the finances of these entities is demonstrated by the myriad adversary proceedings in which he has brought fraudulent transfer claims. See Zaremba v. Pheasant, Adv. Pro. No. 05-03322; Zaremba v. First Clearing, LLC, Adv. Pro. 05-03321; Zaremba v. SMR Group, Adv. Pro. No. 05-03320; Zaremba v. Berthel Fisher & Co., Adv. Pro. Nos. 05-03319 & 04-03354; Zaremba v. Davis, Adv. Pro. No. 05-03147-maw; Zaremba v. Webster Bank, Adv. Pro. No. 04-03249; Zaremba v. Cont'l Capital Corp., Adv. Pro. No. 04-03052. Indeed, the Trustee bases his fraudulent transfer claim in one case, in part, on "the Debtors' books and records, and those of CCC." Am. Compl. ¶ 11, Zaremba v. Cont'l Capital Corp., No. 04-03052 (Bankr. N.D. Ohio May 10, 2004), Ex. I.

network of subsidiary entities, many of which the Trustee is only now becoming able to identify. It further appears that the network was largely, if not completely, supported financially by funds from the Debtors' operations."), Ex. I. How money flowed within the Continental Capital entities, or from those entities to other third parties, is information exclusively in the hands of the Trustee as a product of his investigations into the companies. It is also essential information that Shumaker needs to defend against the Trustee's claims. To the extent Shumaker is a subsequent transferee, it is entitled to additional defenses – including a good-faith defense – to some or all of the Trustee's claims. See generally First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 974 F.2d 712, 722 (6th Cir. 1992) (discussing 11 U.S.C. § 550(a)-(b) and differences in statutory treatment).

## II. The Trustee Cannot Use Rule 33(d) To Answer Interrogatory Nos. 8 and 9.

Even if the Trustee could legitimately invoke Rule 33(d) for some of the Interrogatories, he cannot invoke it to avoid answering Interrogatories 8 and 9, which are "contention interrogatories and requests for statements of fact." Elfindepan, 206 F.R.D. at 577; see Interrogatories at 7-8. "These types of interrogatories do not lend themselves to answer by use of Rule 33(d)." Elfindepan, 206 F.R.D. at 577.

The option provided by Rule 33(d) "is limited to questions whose answer may be derived from the party's records, but many questions are not of that sort." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2178 (2d ed. 1994); see also United States v. Dist. Council of New York City, No. 90 Civ. 5722, 1992 WL 188379, at *5 (S.D.N.Y. July 30, 1992) ("Where the interrogating party makes a request for an answer to certain questions, a [party] responds inappropriately by merely designating documents because the interrogatory did not call for business records."), Ex. J.

- 8 -

Interrogatory No. 8 asks the Trustee to state facts supporting his position that the listed transactions are fraudulent transfers. It does not ask "for the evidence or documents supporting those allegations." In re Savitt/Adler, 176 F.R.D. at 49. Accordingly, "the proper form of response is a narrative answer, not a reference to documents or objects where the answers might be found." Lagace v. New England Cent. R.R., No. 3:06CV1317, 2007 WL 2889465, at *4 (D. Conn. Sept. 28, 2007) (quoting In re Savitt/Adler, 176 F.R.D. at 48), Ex. K.

Similarly, Interrogatory No. 9 asks the Trustee for "[a]ll grounds upon which you believe the transfer to be fraudulent." Interrogatories, at 7-8. No business record can tell Shumaker what the Trustee believes. "[I]t would be necessary for [Shumaker] to be able to read [the Trustee's] mind before [Shumaker] would be able to derive the answers . . . from [the Trustee's] business records." Cleveland Constr., 2006 WL 2167238, at *5.

### III. The Trustee Has, in Any Event, Failed To Comply with Rule 33(d)'s Requirements.

In the alternative, to the extent that the Court were to permit the Trustee to invoke Rule 33(d) in response to any or all of Shumaker's interrogatories, the Trustee must satisfy the obligations of the Rule: He must (1) specify the documents that answer each Interrogatory, and (2) show that those documents provide a complete response to the Interrogatory.

When Rule 33(d) applies, a party may answer an interrogatory by "<u>specifying</u> the records that must be reviewed, in <u>sufficient detail</u> to enable the interrogating party to locate and identify them as readily as the responding party." Fed. R. Civ. P. 33(d) (emphasis added). This requirement was added in 1980 to what was then section (c) of the rule "to make it clear that a responding party has the <u>duty to specify</u>, <u>by category and location</u>, the records from which answers to interrogatories can be derived." 1980 advisory committee's note (emphasis added). Accordingly, "directing the opposing party to an undifferentiated mass of records is not a

- 9 -

06-03505-maw    Doc 58    FILED 12/12/08    ENTERED 12/12/08 18:36:36    Page 9 of 12

suitable response to a legitimate request for discovery." T.N. Taube, 136 F.R.D. at 455 (quoting Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985)).

The Trustee "has failed to specify . . . which of its documents are relevant or are responsive to given interrogatories." Id. Indeed, the Trustee's production is "in no apparent order," id., and "[n]ot one specific document is identified for any specific interrogatory." Elfindepan, 206 F.R.D. at 577; accord Cleve Constr., 2006 WL 2167238, at *6. In short, the Trustee's response "is more in the nature of a document dump than a specification of documents." Cleveland Constr., 2006 WL 2167238, at *6 (quoting Elfindepan, 206 F.R.D. at 577); cf. T.N. Taube, 136 F.R.D. at 455 (finding no specificity when party identified 789 pages of documents).

Once the Trustee specifies the records, he next "must show that the named documents contain all of the information requested by the interrogatories." Elfindepan, 206 F.R.D. at 576 (emphasis added); accord 8A Federal Practice & Procedure § 2178. It is not enough to provide to Shumaker documents that "may contain some or all of the information sought," as the Trustee offered to do in his responses to the Interrogatories. See Ex. C at 10.

## CONCLUSION

Shumaker respectfully requests that the Court grant this Motion and order the Trustee to provide complete written answers to all of Shumaker's Interrogatories.

- 10 -

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By: */s/ Craig D. Singer*
John K. Villa (admitted *pro hac vice*)
Craig D. Singer (admitted *pro hac vice*)
John S. Williams (admitted *pro hac vice*)
Katherine Leong (admitted *pro hac vice*)
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029


and


COOPER & WALINSKI, LPA


By: */s/ Gerald R. Kowalski*
Gerald R. Kowalski (Bar No. 0022323)
Sarah K. Skow (Bar No. 0081468)
900 Adams Street
Toledo, Ohio 43604
Phone: (419) 241-1200
Fax:    (419) 242-5675

*Attorneys for Shumaker, Loop & Kendrick, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2008, I caused a copy of the foregoing Shumaker, Loop & Kendrick, LLP's Motion to Compel Answers to Defendant's First Set of Interrogatories to be served via the Court's electronic filing system upon the following parties:

**John P. Donahue, Esq.**
Email: jpdlaw@aol.com
Donahue & Nunnari
119 West Second Street
P.O. Box 526
Perrysburg, OH 43551
(419) 874-4604

**Patricia B Fugee, Esq.**
Email: pfugee@ralaw.com
Roetzel & Andress LPA
One SeaGate
Suite 1700
Toledo, OH 43604
(419) 242-7985
(419) 242-0316 (fax)

**Thomas S Zaremba, Esq.**
Email: tzaremba@ralaw.com
SIPA Trustee
Roetzel & Andress
One SeaGate
#1700
Toledo, OH 43604
(419) 242-7985
(419) 242-0316 (fax)

**Bruce R. Schrader, II, Esq.**
Email: bschrader@ralaw.com
**John W. Becker, Esq.**
Email: jbecker@ralaw.com
**Stephen W Funk, Esq.**
Email: sfunk@ralaw.com
Roetzel & Andress LPA
Ste. 400
222 South Main Street
Akron, OH 44308
(330) 849-6604
(330) 376-4577 (fax)

**George W. Rooney, Jr., Esq.**
Email: grooney@ralaw.com
Roetzel & Andress LPA
1375 E. 9th St.
One Cleveland Center
Cleveland, OH 44114
(216) 615-7410
(216) 623-0134 (fax)

*/s/ John S. Williams*
John S. Williams