**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Adv. Pro. No. 03-3370 |
| | ) | SIPA Liquidation |
| Continental Capital Investment Services, Inc. | ) | |
| and Continental Capital Securities, Inc., | ) | |
| | ) | Adv. Pro. No. 06-3505 |
| Debtor(s). | ) | |
| | ) | Hon. Mary Ann Whipple |
| Thomas S. Zaremba, Trustee, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Shumaker, Loop & Kendrick, LLP, et al., | ) | |
| | ) | |
| Defendant(s). | | |

### MEMORANDUM OF DECISION AND ORDER REGARDING MOTION TO COMPEL

This adversary proceeding is before the court on a Motion to Compel Answers to Defendant's First Set of Interrogatories ("Motion") [Doc. # 58] filed by Defendant Shumaker, Loop & Kendrick, LLP ("SLK"), Plaintiff's opposition [Doc. # 71] and SLK's reply [Doc. # 75]. Plaintiff Thomas S. Zaremba is the Trustee ("Trustee") in the underlying liquidation of Debtors Continental Capital Investment Services, Inc. ("CCIS") and Continental Capital Securities, Inc. ("CCS") under the provisions of the Securities

Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"). SLK is a law firm that provided legal services to Debtors, Debtors' parent company Continental Capital Corporation ("CCC") and other related or affiliated entities. The court held a hearing on the Motion on February 5, 2009. Counsel for both the Trustee and SLK attended the hearing in person. Having considered the Motion and the briefs in support and in opposition thereto, as well as the arguments of counsel, for the reasons that follow, the Motion will be granted.

## **BACKGROUND**

In his complaint, the Trustee alleges six fraudulent transfer claims, three that involve transfers from Debtors to SLK and three that involve transfers from CCC to SLK. The three claims alleged as to each transferor involve three different theories of recovery (one of actually fraudulent transfers and two of constructively fraudulent transfers) and hundreds of transactions during the four years immediately preceding the commencement of the underlying SIPA liquidation proceeding. The transfers that the Trustee is challenging include, but are stated as not being limited to, those on an exhibit attached to the complaint. The list of transfers in issue is wholly undifferentiated by claim.

SLK has propounded ten basic interrogatories, the first seven of which ask for facts relating to each transaction that the Trustee claims constitutes a fraudulent transfer for which he is entitled to recover from SLK. Specifically he asks the Trustee to identify:

1. The date[s] of the transactions and of any part(s) or component(s) thereof;

2. the transferor(s) and transferee(s), including any intermediate transferor(s) and transferee(s)

3. The amount of money or the item(s) of property transferred and the instrument(s) by which the transfer was effectuated (i.e., check, wire, cash);

4. The reason(s) for the transfer;

5. The person(s) who authorized the transfer;

6. The person(s) at Shumaker who received the transfer and, if the transfer first went to an intermediate transferee, who at the intermediate transferee received the transfer;

7. Any goods, services, or other things of value received by any person or entity in exchange for or as a result of the transfer, and all persons or entities who received the goods services or things of value.

[Doc. # 58, Reply, Ex. B, p. 7-8]. In addition, the interrogatories ask for:

8. All facts supporting your position that the transfer is recoverable from Shumaker as a fraudulent transfer;

9. All grounds upon which you believe the transfer to be fraudulent; and

10. All persons with knowledge or information regarding the transaction or regarding any of the facts stated in response to Interrogatories 1 through 9 above.

[*Id.* at p. 8].

In response to all ten of the interrogatories propounded by SLK, the Trustee invoked Federal Rule of Civil Procedure 33(d), which applies to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7033, and produced three boxes of documents together with a "global index" of those documents, stating that the records "may contain some or all of the information sought" in the interrogatory. The Trustee has not identified any particular documents as being responsive to any particular interrogatory. In his response, he also objects to Interrogatories 8 and 9 as improperly calling for a narrative response. In his opposition to the Motion to Compel, the Trustee further objects to Interrogatory 8 on the ground that it is overly broad and to Interrogatory 9 as seeking information protected by the attorney work-product doctrine.

## LAW AND ANALYSIS

### I. Certification of Good Faith Attempt to Resolve Discovery Dispute

Federal Rule of Civil Procedure 37(a)(1), which applies in this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7037, requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Bankruptcy Rule 7026-1 similarly requires that the party seeking discovery "advise the Court in writing that, after personal consultation and sincere attempts to resolve differences, the parties are unable to reach an accord" and provides that "[t]his statement shall recite those matters which remain in dispute, and, in addition, the date, time, and place of such conference, and the names of all parties participating therein."

In this case, SLK set forth in its Motion the steps taken to confer with the Trustee. [Doc. # 58, Motion p. 4, Ex. D, E, F & G]. The Trustee does not contend that the meet and confer requirement set forth above has not been met. Rather, he argues that SLK failed to attach to the Motion a separate certification

3

document, which he contends is necessary to comply with Rule 37(a)(1) and Local Rule 7026-1. The court disagrees. The cases cited by the Trustee for this proposition are unpersuasive as they arise out of two districts that have a local rule specifically requiring a separate certification or affidavit to be filed. *See Castle v. Groce-Adams*, Case No. 2:06-CV-715, 2008 U.S. Dist. LEXIS 2625, 2008 WL 149984 (S.D. Ohio Jan. 14, 2008); *Peyton v. Burdick*, Case No. 07-cv-0453 LJO TAG, 2008 U.S. Dist. LEXIS 106910, 2008 WL 880573 (E.D. Cal. Mar. 31, 2008). Neither Rule 37(a)(1) nor Local Rule 7026-1, however, include such a requirement. By presenting to the court a motion or other paper, an attorney "certifies" the factual contentions stated therein. *See* Fed. R. Bankr. P. 9011(b)(3). Thus, the required certification may be included in the body of the Motion. *In re Presto*, 358 B.R. 290, 292 (Bankr. S.D. Tex. 2006).

**II. Invocation of Federal Rule of Civil Procedure 33(d)**

In its Motion, SLK argues that the Trustee's invocation of Rule 33(d) is not appropriate because the burden of deriving the answers to the interrogatories is not substantially the same for either party and, in any event, that the Trustee failed to comply with the requirements of Rule 33(d). Rule 33(d) permits a party to provide business records in response to interrogatories if (1) the answer may be determined by examining a party's business records and (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party." Rule 33(d) requires, however, that a specification of the record be in sufficient detail to permit the interrogating party to locate and to identify, as readily as the responding party, the records from which the answer may be ascertained. Fed. R. Civ. P. 33(d). For the reasons that follow, the court finds the Trustee's use of Rule 33(d) is not proper.

First, the Trustee invokes the option to produce business records under circumstances not embraced by Rule 33(d). The option to produce business records in response to an interrogatory was added to Rule 33 in 1970 and is described by the Advisory Committee as relating to interrogatories that "require a party to engage in burdensome or expensive research *into his own business records* in order to give an answer." 1970 Advisory Committee Note to Fed. R. Civ. P. 33.[1] In this case, the Trustee invokes the option under circumstances in which he contends answering the interrogatories "mainly" require examination of SLK's

---

[1] Rule 33 was amended in 2007. Until that time, the rule specifically referred to the business records "of the party upon whom the interrogatory has been served." The Advisory Committee Note to the 2007 amendment states that "[t]he language of Rule 33 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." The rule quoted above is the rule as amended in 2007. As no substantive changes were intended, the court finds caselaw interpreting the rule prior to the amendment to be relevant.

4

business records produced by SLK during discovery.  These documents do not constitute business records of the Trustee, standing in the shoes of Debtors, as contemplated by Rule 33(d).  *See In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49-50 (N.D.N.Y. 1997) (finding plaintiff's use of Rule 33(d) improper where documents referred to in response to interrogatories were not business records of plaintiff but were documents produced by defendants during discovery); *Jobin v. Kloepfer (In re M&L Bus. Mach. Co.)*, 184 B.R. 366, 369 (D. Colo. 1995) (party's response to interrogatory improperly referred to third-party expert reports that were not the business records of that party); *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 687 (D. Kan. 1991); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006).

Second, the Trustee's production of three boxes of documents in response to all ten of SLK's interrogatories without further specification as to which documents answer which interrogatory and without stating the extent to which those documents provide a complete response, if any at all, to each interrogatory is wholly inadequate.  *See Allen v. Sears, Roebuck and Co.*, Case No. 07-CV-11706-DT, 2009 U.S. Dist. LEXIS 475, at *4, 2009 WL 36472, at *1 (E.D. Mich. Jan. 6, 2009) (finding it insufficient to merely indicate that the information sought may or may not be found in the records made available); *R.W. Thomas Constr. Mgmt. Co. v. Corrugated Servs, Inc.*, Case No. 95-CV-2131, 1995 U.S. Dist. LEXIS 14605, at *4-5, 1995 WL 592539, at *2  (E.D. Pa. Oct. 2, 1995) (requiring the plaintiff to specifically identify which documents provide the desired information sought in each interrogatory).  And the court cannot conclude that the burdens of ascertaining the answers to the ten interrogatories are substantially the same given the Trustee's failure to comply with the procedural mechanisms provided in Rule 33(d) that assist the interrogating party in ascertaining the answers.  Moreover, as one court reasoned:

> even if a substantial burden is imposed on plaintiffs by these interrogatories, that burden is neither unreasonable nor unfair. The interrogatories are completely focused on the allegations of plaintiffs' complaints, information to which defendants are entitled to prepare their defenses. The extent of the burden thus bears a direct relationship to the extent of the allegations made by the plaintiffs in their complaints and to the facts in possession of plaintiffs which support the allegations.

*In re Savitt/Adler Litigation*, 176 F.R.D. at 50.

Third, it does not appear that the mere production of SLK's own business records, without more, can sufficiently answer all of the interrogatories.  For example, the dates of transactions the Trustee claims constitute fraudulent transfers cannot be determined unless, in good faith,  he is contending that all transfers

5

over the four year period covered by the complaint are fraudulent transfers. Moreover, the transfers in issue are not limited to those appearing on the exhibit attached to the complaint. SLK is entitled to know the other transfers that are in issue. While SLK would most likely be in the best position to know the "person at Shumaker who received the transfer, [*see* Doc. # 58, Ex. B, Interrogatory No. 6], interrogatories asking for the reasons for the transfers, the persons who authorized the transfers, the instruments by which the transfers were effectuated, and asking to identify all persons with knowledge or information regarding the allegedly fraudulent transfers all request information that is less likely to be found in transferee SLK's own business records, [s*ee* Doc. # 58, Ex. B, Interrogatories ## 1-7, 10].

Fourth, the production of business records is wholly unresponsive to SLK's eighth and ninth interrogatories asking the Trustee to state the facts supporting his position that each transfer is recoverable as a fraudulent transfer and the grounds upon which he believes the transfer to be fraudulent. *In re Savitt/Adler Litigation*, 176 F.R.D. at 49 (finding resort to Rule 33(d) inappropriate where interrogatories ask party to identify the facts supporting various allegations); *United Oil. Co. v. Parts Assocs., Inc*., 227 F.R.D. 404, 419 (D. Md. 2005) (finding Rule 33(d) response unsuitable where interrogatories pose questions of fact or mixed questions of fact and law that require the exercise of particular knowledge and judgment on the part of the responding party); *United States v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002)("[d]ocuments themselves rarely, if ever, reveal contentions of fact or law").

Finally, the court rejects the Trustee's contention that his response is proper because he has not yet received all of his requested discovery from SLK. The Trustee is not excused from answering the interrogatories based upon information that he does have. *Continental Ill. Nat'l Bank*, 136 F.R.D. at 684; *Kraft Foods North America, Inc.*, 236 F.R. D. at 544-45; *Hendricks v. Mirabilis Ventures, Inc*., Case No. 8:07-CV-661-T-17EA, 2008 U.S. Dist. LEXIS 10655, at *5-7, 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008). The rules require him to then supplement his responses to the extent that additional information is obtained. Fed. R. Civ. P. 26(e). The Trustee will, therefore, be directed to provide written answers to SLK's interrogatories.

### III. Objections Specific to Interrogatories 8 and 9

The Trustee objects generally to Interrogatories 8 and 9 on the ground that they call for a narrative response. However, nothing in the Federal Rules of Civil Procedure prescribes any specific form for interrogatories and courts, including courts in this circuit, have found that narrative answers to

6

interrogatories are not only acceptable, but in some cases required. *See, e.g. Babcock Swine, Inc. v. Shelbco, Inc.*, 126 F.R.D. 43, 45 (S.D. Ohio 1989); *Mooney v. City of Dearborn*, Case No. 08-12124, 2008 U.S. Dist. LEXIS 78670, at *5, 2008 WL 4539513, at *2 (E.D. Mich. Oct. 8, 2008) (ordering defendants to provide complete narrative answers to interrogatories); *In re Savitt/Adler Litigation*, 176 F.R.D. at 48. The authority for objecting to interrogatories on the grounds that they require a "narrative response" seems in most instances to be traceable back to a group of District of Kansas cases. *E.g, Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403 (D. Kan. 1998). But what is sometimes called the "rule" against narrative responses to interrogatories, *e.g., Babinchak v. Chemical Lime Co. of America*, Civil No.: 2:07-CV-945-TC-DN, 2008 U.S. Dist. LEXIS 66444, at *2, 2008 WL 4093610, at *1 (D. Utah Aug. 29, 2008), which is nowhere stated in the rules themselves, is in this court's view another way of objecting that an interrogatory is overbroad or unduly burdensome. *See Hendricks v. Mirabilis Ventures, Inc.*, 2008 U.S. Dist. LEXIS 10655 at *4-5.

The Trustee does in fact object to Interrogatory 8 on the grounds that it is facially overbroad. Interrogatory 8 asks the Trustee to identify as to each transaction that he claims constitutes a fraudulent transfer "all facts supporting [his] position that the transfer is recoverable from Shumaker as a fraudulent transfer." Courts have found interrogatories overly broad to the extent that they ask for "all facts" or "every fact" that supports an allegation or claim. *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998); *Anaya v. CBS Broadcasting Inc.*, Case No. CIV 06-0476 JBKBM, 2007 U.S. Dist. LEXIS 55676, at *15, 2007 WL 2219458, at *6 (D.N.M. May 16, 2007). While the court agrees that such phrases may require the answering party to engage in mental gymnastics to determine what information may or may not be remotely responsive, there is no question that SLK is entitled to inquire as to the factual basis of the Trustee's fraudulent transfer claims as such an inquiry goes to the very heart of the case. *See* Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."). Because a party must answer an interrogatory to the extent that it is not objectionable, *see* Fed. R. Civ. P. 33(b)(3), the Trustee will be directed to identify the factual basis for his claim with respect to each transfer he claims is recoverable from SLK as a fraudulent transfer. *See Howard v. American Industries Services, Inc.*, No. M2001-02711-COA-R3-CV, 2002 Tenn. App. LEXIS 871, 2002 WL 31769115 (Tenn. Ct. App. Dec. 11, 2002).

7

Finally, the Trustee has alleged in his Complaint that hundreds of transfers constitute fraudulent transfers from two different transferees under three different legal theories applicable to each transferee. There is no differentiation in the complaint of which transfer is from which transferee and which transfer is avoidable under which theory. Interrogatory 9 asks the Trustee to identify as to each transfer at issue all grounds upon which he believes the transfer to be fraudulent. The Trustee argues that Interrogatory 9 improperly seeks information protected by the attorney work-product doctrine because it seeks the thoughts, beliefs and/or thought processes of the Trustee and his legal counsel concerning the theories of the Trustee's claims against SLK.

Rule 33 specifically provides that "an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2); *see* 7 Moore's Fed. Prac. § 33.62 ("Despite the work product doctrine's ostensibly unqualified protection for 'mental impressions,' Rule 33 permits an interrogatory to inquire into 'an opinion or contention that relates to fact or the application of law to fact.'"). Such interrogatories, known as "contention interrogatories," serve legitimate and useful purposes, such as ferreting out unsupportable claims, narrowing the focus and extent of discovery, and clarifying the issues for trial. *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 421 n.2 (6th Cir. 1998); *see Cleveland Constr., Inc. v. Gilbane Bldg. Co.*, Case No. CIV A. 05-471-KSF, 2008 U.S. Dist. LEXIS 53254, at *22, 2006 WL 2167238, at *7 (E.D. Ky. July 31, 2006).

The attorney work product doctrine protects from discovery "documents and tangible things prepared in anticipation of trial by or for another party..." Fed. R. Civ. P. 26(b)(3); Fed. R. Bankr. P. 7026. Courts recognize that unjustified disclosure of the mental processes of counsel may also occur through depositions or interrogatories. *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 230-31 (E.D.N.Y. 2007). In doing so, however, courts distinguish between inquiries seeking facts and application of law to facts and inquiries seeking the details of a party's investigation of claims or defenses in preparation for litigation or trial. *Id.* Courts generally reject the application of the work product doctrine to contention interrogatories, as permitted by Rule 33(a)(2). *In re Savitt/Adler Litigation*, 176 F.R.D. at 47-48; *United States v. Taylor,* 166 F.R.D. 356, 363 n.7 (M.D.N.C. 1996)(citing cases); *Dunkin' Donuts v. Mary's Donuts, Inc.,* 206 F.R.D. 518, 521 (S.D. Fla. 2002)*; Moses v. Halstead*, 236 F.R.D. 667, 673-74 (D. Kan. 2006).

Interrogatory 9 requires the Trustee to identify the legal basis for claiming each transfer at issue to be fraudulent. It thus properly requires him to state his opinion or contention relating to the application of law to the facts of this case. This information is necessary in order for SLK to determine the proof required

8

to defend against the Trustee's claims, particularly since the list of transfers attached to the complaint is non-exclusive and wholly undifferentiated as to transferor and claim. The use of the word "believe" in Interrogatory No. 9 does not in the court's view transform the question from a proper contention interrogatory into an impermissible inquiry into attorney work product; the word contend is a ready and equivalent substitute in the question. *See Morgan v. City of New York*, No. 00 Civ. 9172, 2002 U.S. Dist. LEXIS 14465, at *7, 2002 WL 1808233, at *3 (S.D.N.Y. Aug. 6, 2002) (plaintiff must answer interrogatory asking for identity of "every person whom Plaintiff believes has knowledge of any facts concerning Plaintiff's claims" but not interrogatory asking for identity of "every person whom Plaintiff or her agents have contacted, interviewed or communicated with concerning Plaintiff's allegations").

While the court will direct the Trustee to provide written responses to both Interrogatories 8 and 9, it does so acknowledging that discovery is not complete and that the Trustee's responses must be based on the information he presently has. *Compare Strauss*, 242 F.R.D. at 233-34 (discussing cases and local rules that allow delay in answering contention interrogatories until close of discovery) *with Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2009 U.S. Dist. LEXIS 2972, at *3-8, 2009 WL 73671, at *1-3 (D. Ariz. Jan. 9, 2009) (rejects postponement of responses to contention interrogatories). As discovery proceeds, the Trustee can supplement his responses as is necessary.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion to Compel Answers to Defendant's First Set of Interrogatories [Doc. # 58] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that the Trustee supplement his responses to Defendant's First Set of Interrogatories as directed in this Memorandum of Decision on or before **April 19, 2009.**