**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Bankruptcy Adv. Pro. No. 03-3370 |
| | SIPA Liquidation |
| Continental Capital Investment Services, Inc. and Continental Capital Securities, Inc., | |
| | Adv. Pro. No. 06-3505 |
| Debtor(s). | |
| | Hon. Mary Ann Whipple |
| Thomas S. Zaremba, Trustee, | |
| Plaintiff(s), | |
| v. | |
| Shumaker, Loop & Kendrick, LLP, et al., | |
| Defendant(s). | |

**ORDER DENYING MOTION TO INTERVENE**

This adversary proceeding is before the court on Daniel Conetta's Motion to Intervene [Doc. # 62] and the opposition [Doc. # 72] filed by Plaintiff Thomas S. Zaremba, Trustee ("Trustee") in the underlying liquidation of Debtors Continental Capital Investment Services, Inc. and Continental Capital Securities, Inc. under the provisions of the Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"). Defendant Shumaker, Loop & Kendrick, LLP ("SLK") is a law firm that represented Active Leisure, a

corporation of which Conetta claims to be a shareholder and former President and CEO. The Trustee has served a request for the production of documents on SLK, requesting, among other things, all client files relating to Active Leisure. SLK has asserted the attorney-client privilege on behalf of Active Leisure. There is an issue, however, regarding the validity of a waiver of that privilege by William Davis ("Davis waiver") that is the subject of a pending appeal from an order entered in the underlying SIPA liquidation proceeding.[1] Conetta moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), which applies in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7024, in order to litigate the validity of the Davis waiver and to seek a protective order prohibiting the Trustee from obtaining discovery of potentially privileged material until after the validity of the Davis waiver is determined. For the reasons that follow, Conetta's motion will be denied.

## DISCUSSION

Rule 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit interprets this rule as requiring a proposed intervenor to establish the following four factors before being entitled to intervene: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir.1999)). While Rule 24 should be "broadly construed in favor of potential intervenors," *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir.1991), a failure to meet any one of the four factors will require that the motion be denied, *Granholm*, 501 F.3d at 780 (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989)).

The matter in which Conetta claims a substantial legal interest is the existence of the attorney-client privilege between Active Leisure and SLK. Courts have recognized the ability of third parties to intervene

---

[1] The issue on appeal to the District Court is whether the proponent of the attorney-client privilege bears the burden of proof with respect to the validity of the Davis waiver. [U.S. Dist. Ct. Case No. 08-1855].

2

in proceedings in order to assert or protect an attorney-client privilege between themselves and counsel or a privilege that they have the authority to assert on behalf of a corporation. *See In re Grand Jury Proceedings*, 469 F.3d 24, 26 (1st Cir. 2006) (stating that "colorable claims of attorney-client privilege qualify as sufficient interests to ground intervention as of right" but finding that individual seeking to intervene in his individual capacity lacked standing to assert the corporation's privilege); *Intervenor v. United States (In re Grand Jury Subpoenas)*, 144 F.3d 653, 658-59 (10th Cir. 1998) (finding that intervenor had the power to assert the attorney-client privilege as to confidential communications with counsel in his individual capacity); *United States v. Jones*, Case No. 2:99-MC-71-11, 1999 WL 1057210, *1 (D.S.C. Oct. 5, 1999); *In re Grand Jury Proceedings*, 575 F. Supp. 197, 199 (N.D. Ohio 1983). As one court explained, "intervention of right is permitted to allow an otherwise 'powerless' third party to appeal an adverse ruling on a Motion to Quash when the subpoenaed party cannot always be expected to risk a contempt citation in order to protect the intervenor's interest." *In re Grand Jury Proceedings*, 575 F. Supp. at 199. A requirement in each case, however, is that the intervenor have the power to assert the attorney-client privilege in the first place, either on his own behalf or on behalf of a corporation that had been subpoenaed.

In this case, Conetta argues in his motion that as a shareholder and former President and CEO of Active Leisure, he has a substantial legal interest in defending the attorney-client privilege Active Leisure relied upon when represented by SLK.[2] Generally, a corporate attorney-client privilege is controlled by the corporation's management. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351 (1985). Because the corporation itself, and not its managers, is or was the client of SLK, as a *former* manager, Conetta has no authority to assert the corporation's attorney-client privilege. *See id.* at 349 (holding displaced managers may not assert the privilege over the wishes of current managers); *United States v. Plache*, 913 F.2d 1375, 1381 (9th Cir. 1990) (concluding that because the corporation was the client, its former director had no power to assert the attorney-client privilege to prevent the corporation's attorney from testifying against him). And at the hearing on the motion to intervene, Conetta conceded that he does not have standing as a shareholder to assert privilege on behalf of Active Leisure. He nevertheless argues that his intervention in this proceeding should be allowed in order to litigate the validity of Davis's waiver and, specifically, that Davis's waiver was an ultra vires act.

---

[2] While the court addresses the merits of Conetta's motion, it notes that he offers no affidavit or testimony regarding his relationship to Active Leisure so as to provide an evidentiary basis for considering his motion to intervene. On this basis alone, Conetta's motion could be denied.

3

While it is true that a lack of corporate authority may be asserted by a shareholder against a director or officer of a corporation, *see* Ohio Rev. Code § 1701.13(H)(3), the court does not find that Conetta's ability to do so is a sufficient basis upon which to permit him to intervene as of right. Conetta still has no cognizable legal interest in Active Leisure's attorney-client privilege or the documents requested to be produced. The mere fact that he can assert a lack of corporate authority under § 1701.13(H) does not confer upon him the requisite legal interest in the attorney-client privilege necessary for intervention under Rule 24(a). Although Conetta suggests that he may have the ability to obtain control of the corporation's privilege, there is no dispute that he does not now have such control.

Having failed to establish a substantial legal interest in Active Leisure's attorney-client privilege, the only matter before the court that Conetta seeks to litigate, his motion will be denied.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion to Intervene [Doc. # 62] be, and hereby is, **DENIED.**